## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWIN HARTLEY and<br>MICHELLE HARTLEY,<br><br>   Plaintiffs,<br><br> vs.<br><br>YAMAHA MOTOR CORPORATION,<br>U.S.A., a California Corporation;<br>YAMAHA MOTOR MANUFACTURING<br>CORPORATION OF AMERICA,<br>a Georgia Corporation; and<br>YAMAHA MOTOR CORPORATION,<br>LTD., a foreign corporation,<br><br>   Defendants. | )<br>)<br>)  **8:08CV183**<br>)<br>)<br>)<br>)<br>)  **STIPULATED PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  THIS MATTER comes before the Court on the parties' Stipulation for Protective Order Regarding the Confidentiality of Documents and Materials pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Filing No. 45). Specifically, the parties have agreed that:

  1. The documents or information containing confidential or proprietary business information and/or trade secrets (Confidential Information) that bear significantly on the claims or defenses of defendants Yamaha Motor Corporation, USA and Yamaha Motor Manufacturing Corporation (collectively Yamaha) are likely to be disclosed or produced during the course of discovery in this litigation;

  2. Yamaha asserts that public dissemination and disclosure of Confidential Information could severely injure or damage Yamaha and would place Yamaha at a competitive disadvantage; and

  3. The entry of an order controlling access to and dissemination of Confidential Information will protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case.

  Accordingly, the parties have stipulated to the terms and provisions of this Protective Order as set forth below. Upon consideration,

**IT IS ORDERED:**

1. Documents, discovery responses, and deposition testimony containing Confidential Information produced, served or given by Yamaha in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, discovery responses, or deposition testimony designated by Yamaha as "Confidential" upon production or containing Confidential Information and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. At any time after the delivery of Protected Documents and up until 60 days before trial, counsel for the party or parties receiving the Protected Documents may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for Yamaha. If after reasonable and good faith efforts, the parties are unable to agree as to whether the confidential designation of Protected Documents is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, Yamaha shall have thirty (30) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. Yamaha shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. If Yamaha does not prevail on a motion for continued protection of Protected Documents pursuant to this paragraph, Yamaha shall have a reasonable time after entry of the order denying the motion to seek expedited appellate relief.

3. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

4. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   a. Counsel in this action for the party or parties receiving Protected Documents or any information contained therein;

   b. Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

   c. Retained experts, advisors and consultants (including persons working for or with such experts, advisors and consultants) of the party or parties receiving Protected Documents ("Retained Experts"), to the extent necessary to perform their work in connection with this case; and

   d. The Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal.

Protected Documents and any information contained therein shall be used solely for use and in connection with the above-captioned action.

  5. Before the Retained Experts described in subparagraph 4(c) above are given access to Protected Documents, each person to whom a receiving party or its representatives intend to deliver, exhibit, or disclose any of the Protected Documents or Confidential Information or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by its terms.

  6. The term "copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, including, but not limited to, any electronic, photographic or computerized copy, or any transcript, in whole or in part, of such document or thing.

  7. Based on the parties' stipulation, the Court finds grounds to restrict access to Protected Documents and Confidential Information pursuant to the E-Government Act of 2002 and 5.3 this Court's Civil Rules.  Accordingly, should a party desire to file with the Court a Protected Document or any other submission, e.g., pleading, motion, brief, or affidavit that contains Confidential Information, that party shall use the "Restricted Document pursuant to E-Government Act" event of the CM/ECF system.  In the event any hard copy submission is made of Protected Documents and/or Confidential Information, then the same shall be placed in a sealed container or envelope and shall be endorsed with

the title of this case and the words "Confidential-Subject to Protective Order" and shall not be accessible to anyone except the Court and the parties' attorneys of record.

8.     Any Protected Documents attached as an exhibit to any deposition taken in this action and any deposition testimony containing information from or referring to Protected Documents shall be sealed and protected from disclosure by this Protective Order. The use of Protected Documents during depositions in this action does not waive the terms of this Protective Order.

9.     Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.    During portions of depositions at which Protected Documents or information designated as "Confidential" are used, persons, other than court reporters, videographers or transcribers, who are not entitled to access to the Protected Documents or Confidential Information covered by this Protective Order shall be excluded.

11.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

12.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

13.    A party who receives a request or subpoena for the production or disclosure of Protected Documents or Confidential Information under the terms of this Order shall, within three business days, give counsel for Yamaha written notice (via both facsimile and U.S. mail) of the request or subpoena and forward a copy of the request or subpoena. No Protected Documents or Confidential Information shall be produced until Yamaha has received a copy of the request or subpoena and had a reasonable opportunity to file a motion for relief.  If Yamaha makes a motion or other application for relief from the

subpoena or other request in the appropriate forum, the party who received such materials shall not produce or disclose the requested information without consent of Yamaha or until ordered to do so by a Court of competent jurisdiction.

14. If a party that receives Protected Documents or Confidential Information discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not authorized to review it under the terms of this Protective Order, then that party shall promptly (a) make reasonable best efforts to seek the return of the documents or information, (b) inform Yamaha of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Order and request that they agree to its terms in writing by signing the certification attached as Exhibit A. This paragraph does not limit the remedies that Yamaha may pursue for breach of this Protective Order.

15. This Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege. If a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not waive otherwise applicable claims of privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents; and (b) destroy any work product or portions of any work product containing or reflecting their contents.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. At the conclusion of the work of the Retained Experts as defined in herein, all Protected Documents and all reports, reliance materials, copies, prints, negatives, notes, information derived therefrom, and summaries thereof shall be returned to the attorneys

who retained the Retained Experts provided access to the Protected Documents and Confidential Information. At the time of the return, an Affidavit in the form of Exhibit B attached hereto shall be executed by the Retained Experts who have had access to the Protected Documents and Confidential Information, stating that they have complied with the provisions of this Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the Protected Documents and Confidential Information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, the parties receiving the Confidential Documents pursuant to this Protective Order shall provide to counsel for Yamaha all Protected Documents produced under the terms of this Protective Order. The parties receiving the Confidential Documents pursuant to this Protective Order shall further provide to counsel for Yamaha at such time of re-delivery an Affidavit in the form of Exhibit B attached hereto representing compliance, as outlined herein, with the terms of this Protective Order and all Affidavits received by such parties pursuant to this paragraph.

18.   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19.   If necessary, the parties will address the procedures for the treatment and use of Protected Documents at trial in a separate order. By entering this stipulation, no party waives its right to assert that Protected Documents should or should not receive special protection at trial.

DATED this 22nd day of December, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **EDWIN HARTLEY and MICHELLE HARTLEY,**     Plaintiffs,<br><br>vs.<br><br>**YAMAHA MOTOR CORPORATION,** U.S.A., a California Corporation; **YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA,** a Georgia Corporation; and **YAMAHA MOTOR CORPORATION, LTD.,** a foreign corporation,     Defendants. | )<br>)<br>)    **8:08CV183**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXHIBIT A**

I certify that I have read the attached Protective Order entered in the above entitled and numbered action. Before reviewing or receiving access to the contents of any documents, materials and/or matters designated as "Confidential" or "Produced Pursuant to Protective Order," I acknowledge and agree that I am personally bound by and subject to the terms of the Protective Order. I further agree to abide by all terms of the Protective Order. I subject myself to the jurisdiction and venue of this Court for the purpose of enforcement of the Protective Order.

Signed this the ____ day of _____, 2008.

_____
Signature

_____
Name

_____
Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWIN HARTLEY and<br>MICHELLE HARTLEY,<br><br>        Plaintiffs,<br><br>  vs.<br><br>YAMAHA MOTOR CORPORATION,<br>U.S.A., a California Corporation;<br>YAMAHA MOTOR MANUFACTURING<br>CORPORATION OF AMERICA,<br>a Georgia Corporation; and<br>YAMAHA MOTOR CORPORATION,<br>LTD., a foreign corporation,<br><br>        Defendants. | 8:08CV183 |

**EXHIBIT B**

**AFFIDAVIT REGARDING DOCUMENTS PROVIDED PURSUANT TO STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

STATE OF _____ )
                                             )ss.
COUNTY OF _____ )

_____, being first duly sworn, upon his or her oath, deposes and says:

    1.    I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulation and Protective Order Regarding: Confidentiality of Documents and Materials ("Stipulation and Protective Order") in the above-captioned action (hereinafter "Protected Documents").

    2.    I have read and complied with all of the provisions of the Stipulation and Protective Order entered in the action regarding the Protected Documents.

    3.    In formulating my opinions or in preparing for and/or assisting in the trial of the above-captioned action, I have provided the following individuals copies of, or access to, the Protected Documents at the address stated:

_____

_____.

4.	The individuals listed in Paragraph 3 are the only individuals to whom I provided copies of, or access to, the Protected Documents.

5.	Before providing copies of, or access to, the Protected Documents to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulation and Protective Order in this action.

6.	The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulation and Protective Order and have returned all copies of Protected Documents and a copy of each such Affidavit is attached hereto.

7.	I have made no copies of the Protected Documents provided pursuant to the Stipulation and Protective Order, other than those that have been returned to plaintiff's counsel.

8.	With the Affidavit, I have returned all copies of Protected Documents provided to me in the above-captioned action pursuant to the Stipulation and Protective Order and have returned all Affidavits of those individuals to whom I provided copies of, or access to, the Protected Documents.

9.	After submitting this Affidavit and the attached Affidavit Regarding Documents Provided Pursuant to Stipulation and Protective Order Regarding Confidentiality of Documents and Materials and all copies of the Protected Documents to plaintiff's counsel, pursuant to the requirements set forth in the Stipulation and Protective Order, I will not have any copies of the Protected Documents.

10.	I have otherwise complied with all of the terms of the Stipulation and Protective Order covering confidential documents and materials produced in the above-captioned action.

_____
Affiant

SUBSCRIBED TO AND SWORN to me, a Notary Public, this _____ day of _____, 2008.

_____
Notary Public

My Commission Expires:

_____