UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Feb 13, 2009**

FILED
CLERK'S OFFICE

IN RE: YAMAHA MOTOR CORP. RHINO ATV
PRODUCTS LIABILITY LITIGATION

MDL No. 2016

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in seventeen actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. Movants recommend several choices as a suitable transferee district. Plaintiffs in seventeen additional federal court actions support the motion. Various Yamaha related and other defendants oppose centralization or, alternatively, support centralization in the Northern District of Georgia or the Middle District of Tennessee. Three other defendants and plaintiffs in four other actions oppose centralization. Plaintiff in an action pending in Illinois state court supports centralization and requests that the Panel allow related state court actions to participate in discovery from the Yamaha defendants.

This litigation currently consists of 55 actions listed on Schedules A and B and pending in 33 districts.[1] Each case contains allegations of a separate off-road accident involving a Yamaha Rhino all-terrain vehicle, which is designed, manufactured, marketed, and distributed by Yamaha. Many of the drivers appear to have sustained crushing injuries from the heavy roll bar after a rollover accident. Though the product and the alleged defect are the same in each case, the precise mechanism of the accident and causation is likely to vary in the circumstances. The product itself was introduced in 2003 and remains marketed and sold today without change of design, though Yamaha has offered owners the option of having doors installed. The first case in this litigation appears to have been filed in August 2007. However, about 40 of the current cases were filed in 2008. Additional cases are likely to follow.

The motion currently pending presents several difficult issues for the Panel. Certainly, these

---

[*] Judge Hansen did not participate in the disposition of this matter.

[1] Two additional actions were pending, one in the Southern District of Alabama and one in the Eastern District of Louisiana, but those actions have been remanded to state court and dismissed without prejudice, respectively.

The Panel has been notified that eight additional related actions have been filed as follows: two actions each in the Central District of California and the Eastern District of Texas; and one action each in the Northern District of Alabama, the District of Arizona, the Southern District of New York, and the Eastern District of Tennessee. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

actions share many factual and technical questions arising from allegations of common defects in the Yamaha Rhino.  Each action alleges that the Yamaha Rhino has a propensity to tip over and some allege that it fails to safely contain its occupants in such tip over incidents.  Centralization under Section 1407 will eliminate duplicative Yamaha discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.  This would benefit all parties.

Some parties here, including some plaintiffs and at least one defendant, have emphasized the need and value of coordinated discovery by suggesting that Yamaha has not been forthcoming with discovery in a number of the individual cases.  The Panel has always been appropriately careful not to base its rulings upon our own perception of discovery dynamics within a particular group of cases.  Regardless of whether discovery resistance is indeed a problem in this litigation, it appears that discovery disputes have arisen in several actions.  Centralization will enable the transferee judge to make consistent rulings on such discovery disputes from a global vantage point.

In opposing centralization, certain parties argue, *inter alia*, that (1) discovery in each action will be dominated by unique, individualized factual questions about each particular accident, such as causation, plaintiff or third-party fault, and vehicle maintenance or modification; and (2) Yamaha has already cooperated with plaintiffs' counsel to informally coordinate discovery, and consequently, these actions are moving along at an efficient pace.  These arguments certainly have  merit, but they are  not conclusive.  Transferee judges have demonstrated the ability to accommodate common and individual discovery tracks, gaining the benefits of centralization without delaying or compromising consideration of claims on their individual merits.  We believe that such an approach is viable here.  We are informed in this judgment by our positive experience with other similar MDLs, such as the Bridgestone tire cases, in which centralization seems to have facilitated this dual approach.  *See, e.g., In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005); *In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation*, No. 1373, 2000 U.S. Dist. LEXIS 15926, at *7 (J.P.M.L. Oct. 24, 2000).

Consequently, the Panel's judgment  is that, on balance, transfer of these cases under Section 1407 will allow a single judge to formulate a pretrial program that prevents repetition of previously considered matters and allows pretrial procedures on case specific issues to proceed concurrently with pretrial proceedings on common issues.  *See, e.g., In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979).[2]

Several plaintiffs have suggested that their actions are too far advanced to benefit from centralized proceedings, and have requested exclusion from the MDL.  We are persuaded that the Northern District of Alabama *Clark* and Northern District of Texas *White* actions, listed on Schedule B, should not be included in centralized proceedings.  Both actions appear to be relatively well advanced, with discovery nearing completion, trial dates set, and no responding party to either action favoring transfer.  When any transferred action becomes ready for trial, the transferee judge may

---

[2]  For a discussion of related state and federal cases, see *Manual for Complex Litigation, Fourth*, § 20.3 (2004).

-3-

suggest that the Panel remand the action to the transferor court. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. Additionally, any plaintiff may present an individual motion to remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Given the wide dispersal of these actions across the country, no forum stands out as a focal point for this litigation. Judge Jennifer B. Coffman is an experienced judge in a central location with the time and commitment necessary to steer these cases on a fair and expeditious course. We have selected her as the transferee judge. Judge Coffman has a dual designation in the Eastern and Western Districts of Kentucky. The MDL is assigned to the Western District (Louisville Division) to provide somewhat easier access.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the 53 actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Jennifer B. Coffman for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of the two actions listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: YAMAHA MOTOR CORP. RHINO ATV
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2016

# SCHEDULE A

<u>Northern District of Alabama</u>

Richard A. McCurdy v. Yamaha Motor Co., Ltd., et al., C.A. No. 2:07-2096
Margaret Ashley Ford v. Yamaha Motor Co., Ltd., et al., C.A. No. 2:08-782

<u>District of Arizona</u>

Myron Jones, et al. v. Yamaha Motor Co., Ltd., et al., C.A. No. 2:07-1718
Brandon Boyd v. Yamaha Motor Co., Ltd., et al., C.A. No. 2:08-220
Daniel Widney v. Yamaha Motor Co., Ltd., et al., C.A. No. 2:08-812
Alexandria daCosta, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-1583

<u>Eastern District of Arkansas</u>

Colton Grabher v. Yamaha Motor Corp., USA, et al., C.A. No. 4:08-285

<u>Central District of California</u>

Larry Anderson v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-6312
Julie Wright v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-6438

<u>District of Colorado</u>

Alejandro Sosa v. Yamaha Motor Corp., USA, et al., C.A. No. 1:07-2721

<u>Southern District of Florida</u>

Evan R. Acevedo, et al. v. Yamaha Motor Corp., USA, C.A. No. 0:08-61602

<u>Northern District of Georgia</u>

Brian Q. Giannoni v. Yamaha Motor Corp., USA, et al., C.A. No. 4:09-6

<u>Eastern District of Kentucky</u>

Clark Watterson, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 5:08-329
Donna L. Adorno, etc. v. Yamaha Motor Corp., USA, et al., C.A. No. 6:08-205

- A2 -

**MDL No. 2016 Schedule A (Continued)**

      Eastern District of Kentucky (Continued)

Anthony C. Ritchie v. Yamaha Motor Corp., USA, et al., C.A. No. 6:08-285
Kristy Holliday, et al. v. Yamaha Motor Co., Ltd., et al., C.A. No. 7:08-107
Jennifer Ousley v. Yamaha Motor Co., Ltd., et al., C.A. No. 7:08-143

      Eastern District of Louisiana

Chastity Gerald, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-1660

      Western District of Louisiana

Anthony Chamblee v. Yamaha Motor Co., Ltd., et al., C.A. No. 5:08-1351

      District of Maryland

Karl Hartig v. Yamaha Motor Corp., USA, et al., C.A. No. 1:08-858
William E. Berry, Jr., et al. v. Yamaha Motor Manufacturing Corp. of America, et al.,
   C.A. No. 1:08-2938

      Western District of Michigan

Jeremy Tohtz v. Yamaha Motor Corp., USA, et al., C.A. No. 1:07-992

      Northern District of Mississippi

Bettina Lynn Tucker, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 3:07-143

      Southern District of Mississippi

Andrew J. Holley v. Yamaha Motor Corp., USA, et al., C.A. No. 1:08-223
Danny Ray Roberts, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 3:08-544

      Eastern District of Missouri

Dixie Farris, et al. v. Yamaha Corp. of America, et al., C.A. No. 1:08-135
William Gannon, etc. v. Yamaha Motor Corp., USA, et al., C.A. No. 4:07-1845

- A3 -

**MDL No. 2016 Schedule A (Continued)**

<u>Western District of Missouri</u>

Zachary Murray v. Yamaha Motor Corp., USA, et al., C.A. No. 4:07-785

<u>District of Montana</u>

James H. Shaw, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 9:08-102

<u>District of Nebraska</u>

Edwin Hartley, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 8:08-183

<u>District of Nevada</u>

Lela Whitlock, etc. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:07-632
Joseph Monaco v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-675

<u>Southern District of New York</u>

Bruce Kehr, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 1:08-7379

<u>Northern District of Ohio</u>

Christopher Smith v. Yamaha Motor Corp., USA, et al., C.A. No. 3:08-1863
Angelo M. Zolna, et al. v. Yamaha Motor Co., Ltd., et al., C.A. No. 4:08-882

<u>Eastern District of Oklahoma</u>

Bobby Williams v. Yamaha Motor Co., Ltd., et al., C.A. No. 6:08-392

<u>Northern District of Oklahoma</u>

Roger Ayers, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 4:07-434

<u>Eastern District of Pennsylvania</u>

Ryan Emery v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-3153

- A4 -

**MDL No. 2016 Schedule A (Continued)**

    District of South Carolina

Kenneth Daugherty v. Yamaha Motor Corp., USA, et al., C.A. No. 8:08-3130

    Eastern District of Tennessee

Yoe Lopez, Jr. v. Yamaha Motor Corp., USA, et al., C.A. No. 3:08-244

    Middle District of Tennessee

Darla O'Neal, etc. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-63
Edwin R. Rutherford v. Yamaha Motor Corp., USA, et al., C.A. No. 3:07-1259
Michael Wilhite, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 3:08-622
Greg Mitchell, et al. v. Yamaha Motor Co., Ltd., et al., C.A. No. 3:08-1077

    Western District of Tennessee

Grant Pesgrove, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:07-2727

    Eastern District of Texas

Christopher McKee, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 1:08-227
Ryan Rogers, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-219
Billy J. Akins v. Yamaha Motor Co., Ltd., et al., C.A. No. 5:08-62
Levi McDermott v. Yamaha Motor Co., Ltd., et al., C.A. No. 5:08-148
Sandra Dougan, et al. v. Yamaha Motor Corp., USA, et al., C.A. No. 5:08-154

    Southern District of Texas

Virginia Curtis v. Yamaha Motor Corp., USA, et al., C.A. No. 4:08-1998

    Eastern District of Washington

Sally Ann Osburn v. Yamaha Motor Corp., USA, et al., C.A. No. 2:07-5052

    Western District of Washington

David William Bednarik v. Yamaha Motor Corp., USA, et al., C.A. No. 3:07-5651

**IN RE: YAMAHA MOTOR CORP. RHINO ATV**
**PRODUCTS LIABILITY LITIGATION**　　　　　　　　　　MDL No. 2016

### SCHEDULE B

<u>Northern District of Alabama</u>

Paul Clark, et al. v. Yamaha Motor Co., Ltd., et al., C.A. No. 5:07-1200

<u>Northern District of Texas</u>

Tony White v. Yamaha Motor Corp., USA, et al., C.A. No. 2:08-66